UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ARA ERESIAN, JR., *Assignee and Successor-in-Interest to Erik Krowel a/k/a Erik C. Krowel*, | * * * * | |
| Plaintiff, | | |
| v. | * * | Civil Action No. 4:23-cv-40028-IT |
| SANTO ARCURI, JOHN B. RAIMO, DANIEL J. ROURKE, III, TRACY KROWEL a/k/a TRACY L. KROWEL a/k/a TRACY FIORILLO a/k/a TRACY L. FIORILLO, and SHREWSBURY STREET DEVELOPMENT COMPANIES, INC., | * * * | |
| Defendants. | | |

MEMORANDUM & ORDER

July 26, 2023

TALWANI, D.J.

Plaintiff Ara Eresian, Jr., brought this action against Defendants Santo Arcuri, John B. Raimo, Daniel J. Rourke, III, Tracy Krowel, and Shrewsbury Street Development Companies, Inc., on March 16, 2023. His Complaint [Doc. No. 1] seeks declaratory judgments related to a dispute regarding a bankruptcy estate. On April 17, 2023, Defendant Arcuri filed a Motion to Dismiss [Doc. No. 9] pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and a Motion for Injunctive Relief [Doc. No. 11]. On April 24, 2023, Defendant Raimo filed his Motion to Dismiss [Doc. No. 17] pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) and a Motion for Injunctive Relief [Doc. No. 18]. On May 1, 2023, Plaintiff requested an extension of time to respond to Defendants' motions. Motion for Enlargement of Time [Doc. No. 28]. The court granted the extension, making May 19, 2023, Plaintiff's deadline to file responses to these four motions [Doc. Nos. 9, 11, 17, 18].

On May 2, 2023, Defendant Rourke filed his Motion to Dismiss [Doc. No. 29] pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Under Local Rule 7.1(b), Plaintiff's time to respond was 14 days later, or May 16, 2023.

To date, Plaintiff has filed no oppositions to the five pending motions. On June 6, the court issued an Order to Show Cause [Doc. No. 32] instructing Plaintiff to explain, by June 20, 2023, why the five pending motions should not be granted. Plaintiff sought an extension of time to respond to the Order to Show Cause [Doc. No. 33] to July 3, 2023, which the court granted, see Electronic Order [Doc. No. 34].

On July 3, 2023, Plaintiff filed his Verified Response to June 6, 2023 Show Cause Order ("Response") [Doc. No 35]. In the response, Plaintiff stated that it had been his intention to file and serve an amended pleading pursuant to Federal Rule of Civil Procedure 15(a), but that he failed to understand the difference between federal and state rules regarding the timing of amended pleadings. Response 2 [Doc. No. 35]. He asserted that this confusion prevented him from responding to the pending motions because he believed they would be mooted by his amended pleading, when filed. Id.

Confusion regarding the rules governing amended pleadings does not explain why Plaintiff failed to respond in any manner to the five pending motions by their respective deadlines. Nor has Plaintiff proffered an amended complaint, either as a matter of right or in connection with a motion for leave to file an amended complaint under Fed. Rule of Civil Procedure 15. In sum, Plaintiff has failed to show good cause for his failure to timely oppose Defendants' motions. Accordingly, Defendant Arcuri's Motion to Dismiss [Doc. No. 9], Defendant Raimo's Motion to Dismiss [Doc. No. 17] and Defendant Rourke's Motion to Dismiss [Doc. No. 29] are all GRANTED. Defendant Arcuri's Motion for Injunctive Relief

[Doc. No. 11] and Defendant Raimo's <u>Motion for Injunctive Relief</u> are dismissed without prejudice as moot.

    IT IS SO ORDERED

    July 26, 2023                                                /s/ Indira Talwani
                                                                         United States District Judge