UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ARA ERESIAN, JR., *Assignee and* | * | |
| *Successor-in-Interest to Erik Krowel a/k/a* | * | |
| *Erik C. Krowel*, | * | |
| | * | |
| Plaintiff, | | |
| v. | * | Civil Action No. 4:23-cv-40028-IT |
| | * | |
| SANTO ARCURI, JOHN B. RAIMO, | * | |
| DANIEL J. ROURKE, III, TRACY | * | |
| KROWEL a/k/a TRACY L. KROWEL a/k/a | * | |
| TRACY FIORILLO a/k/a TRACY L. | * | |
| FIORILLO, and SHREWSBURY STREET | * | |
| DEVELOPMENT COMPANIES, INC., | * | |
| | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

October 23, 2023

TALWANI, D.J.

Plaintiff Ara Eresian, Jr., brought this action naming Defendants Santo Arcuri, John B.

Raimo, Daniel J. Rourke, III, Tracy Krowel a/k/a Tracy Fiorillo ("Fiorillo"), and Shrewsbury

Street Development Companies, Inc. ("Shrewsbury"). Complaint [Doc. No. 1]. This

Memorandum and Order reviews the case file and addresses Plaintiff's various recent filings.

I.     Plaintiff's Claims against Defendants Arcuri, Raimo, and Rourke

Defendants Arcuri and Raimo filed Motions to Dismiss for Failure to State a Claim

[Docs. No. 9, 17] and Motions for Injunction Restricting Vexatious Litigation [Docs. No. 11,

18]. Plaintiff requested an extension of time to respond, Motion for Enlargement of Time [Doc.

No. 28], which the court granted, see Elec. Order [Doc. No. 31]. Meanwhile, Rourke filed a

Motion to Dismiss for Failure to State a Claim [Doc. No. 29]. Plaintiff failed to timely oppose

any of the five pending motions despite the extension as to the first four, and the court issued an

Order to Show Cause [Doc. No. 32] instructing Plaintiff to explain why the motions should not be granted. Plaintiff sought an extension of time to respond to the Order to Show Cause [Doc. No. 33], which the court granted, see Elec. Order [Doc. No. 34].

Plaintiff then filed his Verified Response to June 6, 2023 Show Cause Order ("Response") [Doc. No 35]. On July 26, 2023, the court granted the three motions to dismiss, and denied the motions for injunctive relief without prejudice as moot. Memorandum and Order [Doc. No. 36].

Despite the court's dismissal of Plaintiff's claims against Defendants Arcuri, Raimo, and Rourke, Plaintiff has continued to file motions relating to these claims and/or Defendants. First, Plaintiff filed his Motion and Memora[nd]um Incorporated for an Order By Way of Vacatur of the Court's July 26, 2023 Electronic Dismissal Order as to Certain Defendants' Motions to Dismiss, or Alternatively, for Clarification Thereof ("Motion for Vacatur or Clarification") [Doc. No. 40].[1] Plaintiff asks the court to vacate the dismissal or clarify whether the court granted Defendants' Motions to Dismiss [Docs. No. 9, 17, 29] on Fed. R. Civ. P. 12(b)(1) or 12(b)(6) grounds. Plaintiff argues that the court must determine whether it has subject matter jurisdiction over Plaintiff's claims before determining whether Plaintiff stated a claim upon which relief can be granted, and must review his Complaint [Doc. No. 1] to do so. Motion for Vacatur or Clarification 2-4 [Doc. No. 40].

Next, Plaintiff filed a Motion for an Order to Show Cause to Issue [Doc. No. 43], demanding that the court show cause why the Motions to Dismiss [Docs. No. 9, 17] and accompanying memoranda should not be stricken from the record, and an Affidavit [Doc. 43-1],

---

[1] Despite Plaintiff's misnomer, the court's July 26, 2023 order was not an "Electronic Dismissal Order" but a Memorandum and Order [Doc. No. 36].

in which he raises arguments as to his claim that the court has subject matter jurisdiction over the complaint. Finally, Plaintiff sent a Letter [Doc. No. 44] objecting to the lack of action on his motions where the dismissed parties had not filed oppositions.

With respect to the Motion for Vacatur or Clarification [Doc. No. 40], the Memorandum and Order [Doc. No. 36] clearly set forth the basis for the dismissal:

> To date, Plaintiff has filed no oppositions to the five pending motions. On June 6, the court issued an Order to Show Cause [Doc. No. 32] instructing Plaintiff to explain, by June 20, 2023, why the five pending motions should not be granted. Plaintiff sought an extension of time to respond to the Order to Show Cause [Doc. No. 33] to July 3, 2023, which the court granted, see Electronic Order [Doc. No. 34].
>
> On July 3, 2023, Plaintiff filed his Verified Response to June 6, 2023 Show Cause Order ("Response") [Doc. No 35]. In the response, Plaintiff stated that it had been his intention to file and serve an amended pleading pursuant to Federal Rule of Civil Procedure 15(a), but that he failed to understand the difference between federal and state rules regarding the timing of amended pleadings. Response 2 [Doc. No. 35]. He asserted that this confusion prevented him from responding to the pending motions because he believed they would be mooted by his amended pleading, when filed. Id.
>
> Confusion regarding the rules governing amended pleadings does not explain why Plaintiff failed to respond in any manner to the five pending motions by their respective deadlines. Nor has Plaintiff proffered an amended complaint, either as a matter of right or in connection with a motion for leave to file an amended complaint under Fed. Rule of Civil Procedure 15. In sum, Plaintiff has failed to show good cause for his failure to timely oppose Defendants' motions.

Id. at 2 (emphasis added).

As Plaintiff acknowledges, "'[u]nless the dismissal order states otherwise, a dismissal under this subdivision (b) [Involuntary Dismissal] **and any dismissal not under this rule— except one for lack of jurisdiction** . . . operates as an adjudication on the merits." Motion for Vacatur or Clarification [Doc. No. 40] (quoting Fed. R. Civ. P. 41(b)) (emphasis added by Plaintiff). Here, the court dismissed Plaintiff's claims for failing to timely respond to the pending motions, without reaching the question of jurisdiction. And where the order did not state

otherwise, the dismissal is with prejudice. Accordingly, the Motion for Vacatur or Clarification [Doc. No. 40] is DENIED.

Plaintiff's Motion for an Order to Show Cause to Issue [Doc. No. 43] demanding that the court show cause why the Motions to Dismiss [Docs. No. 9, 17] and accompanying memoranda should not be stricken from the record is also DENIED as frivolous.

II.      Plaintiff's Claims against Fiorillo

Two days after the court dismissed claims against Defendants Arcuri, Raimo, and Rouke, Plaintiff requested a clerk's entry of default as to Defendant Fiorillo, see Affidavit Requesting Entry of Default [Doc. No. 37], which was entered as requested, Clerk's Entry of Default [Doc. No. 38]. In response to the court's Standing Order Regarding Motions for Default Judgment [Doc. No. 39], Plaintiff filed an Affidavit [Doc. No. 41] asserting that "where subject-matter jurisdiction is still in question," he should be excused from taking further action regarding Defendant Fiorillo. Where the court has now denied Plaintiff's Motion for Vacatur or Clarification [Doc. No. 40], no further delay is appropriate.

If Plaintiff seeks a Default Judgment as to Fiorillo, he shall file a motion for default judgment in accordance with the court's Standing Order Regarding Motions for Default Judgment [Doc. No. 39] no later than November 6, 2023. In any such motion, Plaintiff shall demonstrate that this court has subject matter jurisdiction over his claims against Fiorillo. Any such motion shall be served by First Class mail on Fiorillo and a certificate of such service shall be included on the motion. Any opposition to such motion shall be filed no later than two weeks after the date of service. In the alternative, where Fiorillo has not answered, Plaintiff may voluntarily dismiss his claims as to Fiorillo pursuant to Federal Rule of Civil Procedure 41(a)(1).

III.    <u>Plaintiff's Claims against Shrewsbury</u>

According to the docket, proof of service as to Defendant Shrewsbury was made on Plaintiff himself as Shrewsbury's registered agent. <u>See</u> Summons Returned Executed [Doc. No. 6]. Shrewsbury has not appeared and Plaintiff has not sought a default.

No later than November 6, 2023, Plaintiff shall show cause why the complaint as to Shrewsbury should not be dismissed without prejudice for failure to prosecute or shall voluntarily dismiss Defendant Shrewsbury pursuant to Rule 41(a)(1).

IT IS SO ORDERED

October 23, 2023                           /s/ Indira Talwani
                                          United States District Judge