UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ARA ERESIAN, JR., *Assignee and Successor-in-Interest to Erik Krowel a/k/a Erik C. Krowel*,<br><br>    Plaintiff,<br><br>        v.<br><br>SANTO ARCURI, JOHN B. RAIMO, DANIEL J. ROURKE, III, TRACY KROWEL a/k/a TRACY L. KROWEL a/k/a TRACY FIORILLO a/k/a TRACY L. FIORILLO, and SHREWSBURY STREET DEVELOPMENT COMPANIES INC.,<br><br>    Defendants. | *<br>*<br>*<br>*<br><br><br>*    Civil Action No. 4:23-cv-40028-IT<br>*<br>*<br>*<br>* |

MEMORANDUM & ORDER

November 21, 2023

TALWANI, D.J.

The facts and procedural history of this case are detailed in the court's July 26, 2023 Memorandum & Order [Doc. No. 36] and October 23, 2023 Memorandum & Order [Doc. No. 45], both of which are incorporated in full herein. In the latter Order, the court directed Plaintiff, if he sought a default judgment against Defendant Tracy Fiorillo, to file a motion for default judgment against her no later than November 6, 2023. Mem. & Order 4 [Doc. No. 45]. The court further instructed Plaintiff to demonstrate in that motion why this court has subject matter jurisdiction over his claims against Defendant Fiorillo. Id. The court also instructed Plaintiff to show cause by November 6, 2023, why the complaint as to Defendant Shrewsbury Development Companies, Inc. ("Shrewsbury") should not be dismissed without prejudice for failure to prosecute. Id. In the alternative, the court advised Plaintiff that he could voluntarily dismiss his

claims against Defendants Fiorillo and Shrewsbury pursuant to Federal Rule of Civil Procedure 41(a)(1). Id.

On November 6, 2023, Plaintiff filed his Response and Memorandum Incorporated to the October 23, 2023 Order of the Court Regarding Jurisdiction over the Subject Matter ("Resp. and Mem.") [Doc. No. 46].

I.  **Plaintiff's Claims against Defendant Fiorillo**

In his Response, Plaintiff asserts that this court has subject matter jurisdiction over his claims against Defendant Fiorillo because district courts have original and exclusive jurisdiction over bankruptcy cases under 28 U.S.C. § 1334(a). Resp. and Mem. 2 [Doc. No. 46]. Because Defendant Fiorillo's underlying bankruptcy case is closed, Plaintiff argues that it is the responsibility of this court to "untie [the] Gordian Knot" left by what Plaintiff characterizes as errors of the Bankruptcy Court. Id. He further argues that this court has subject matter jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2022, over his requests for declaratory judgments, see Complaint ¶¶ 37-74.

Bankruptcy jurisdiction is unavailable here. 28 U.S.C. § 1334(a) does confer original and exclusive jurisdiction of bankruptcy matters to "district courts." 28 U.S.C. § 157(a) in turn provides that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." See also Gupta v. Quincy Medical Center, 858 F.3d 657, 661 (1st Cir. 2017). Pursuant to this authorization, this court's Local Rules provide that "any and all cases arising under Title 11 . . . shall be referred to the judges of the bankruptcy court for the District of Massachusetts." L.R. 201. Consequently, jurisdiction over bankruptcy

matters in this district is delegated to its bankruptcy courts, and district courts retain jurisdiction only over appeals. L.R. 203.

In accordance with this rule, Defendant Fiorillo's Chapter 7 bankruptcy petition was filed in Bankruptcy Court in September 2011 (Case No. 4:11-bk-43854[1]). The underlying bankruptcy case was closed in May 2017. Case No. 4:11-bk-43854, Doc. No. 198.

On March 2, 2020, Plaintiff filed a Transfer of Claim Other Than for Security in the closed bankruptcy case stating that the claim of one of the creditors, Erik Krowel, was transferred to Plaintiff and an entity for whom he was the Agent. Id., Doc. No. 235. Plaintiff sought to reopen the bankruptcy case to administer an asset he claimed was not administered in the original bankruptcy case. Id., Doc. Nos. 241, 289, 329. The same asset, property allegedly owned by Defendant Fiorillo at the time of her bankruptcy filing, is the subject of Plaintiff's pending case in this court.

The bankruptcy court repeatedly declined to reopen the case, finding that Plaintiff had not shown that the property at issue was unknown to the bankruptcy trustee when the estate was administered. Id., Doc. No. 311, 343, 356. Plaintiff appealed those denials to the Bankruptcy Appellate Panel ("BAP"), id. Doc. Nos. 121, 266, 304, 327, and the First Circuit, id., Doc. Nos. 387, 388, which summarily affirmed the BAPS's Judgments of Dismissal and held that all of Plaintiff's other pending motions were moot.[2]

---

[1] Plaintiff provides the case number as 4:11-bk-43584, but that is the docket for an unrelated bankruptcy case. 4:11-bk-43854 is the case number for In re Tracy L. Krowel (D. Mass. Bankr. 2011).

[2] Plaintiff also appealed the Bankruptcy Court's denial of his second motion to reopen the case to this court. Case No. 4:21-cv-40099. Plaintiff failed to timely file his brief in accordance with the court's scheduling order, and the court dismissed the case. Id., Doc. No. 5. Plaintiff appealed the dismissal to the First Circuit, which dismissed his appeal for failing to timely file his brief in that court. Id., Doc. No. 13; Doc. No. 14.

Plaintiff attempts now to collaterally challenge certain proceedings in, and determinations of, the Bankruptcy Court, including the validity of a proof of claim attachment and the question of whether certain property is an asset of Fiorillo's bankruptcy estate. Resp. and Mem. 2-4 [Doc. No. 47]. He argues that these are "non-core" proceedings over which this court may exercise subject matter jurisdiction under 28 U.S.C. § 157(b). See In re Sheridan, 362 F.3d 96, 99-100 (1st Cir. 2004) (discussing "core" and "non-core" proceedings as they relate to a bankruptcy court's authority to enter final orders). This argument is unavailing where Plaintiff's claims are not, in fact, "non-core" to the bankruptcy.

Plaintiff describes the issue at hand as "the open question as to whether the Defendant [Fiorillo] has or has ever had any interest in the Subject Property, and if so whether such pro[pe]rty is now or has ever been an asset of the bankruptcy estate as well as whether any attachment exists by which the Defendant Arcuri can be said to be a secured creditor of a the bankruptcy estate." Resp. and Mem. 4-5 [Doc. No. 47]. The questions of whether a person is a creditor and whether property is an asset of a bankruptcy estate are axiomatically at the core of a bankruptcy proceeding. See 28 U.S.C. 157(b)(2) (providing non-exhaustive list of "core proceedings" that includes "matters concerning the administration of the estate"). In sum, Plaintiff's claims as to matters related to Fiorillo's bankruptcy are not properly before this court, either as an original bankruptcy matter or as an appeal from a final Bankruptcy Court order. And to the extent Plaintiff's claims are unrelated to Fiorillo's bankruptcy proceeding, bankruptcy jurisdiction does not provide this court with a basis for subject matter jurisdiction.

Plaintiff's alternative argument that this court may exercise subject matter jurisdiction over his claims against Defendant Fiorillo under the Declaratory Judgment Act is similarly deficient. It is well-settled law that the Declaratory Judgment Act does not create an independent

basis for federal subject matter jurisdiction. See <u>Ernst & Young v. Depositors Economic Protection Corp.</u>, 45 F.3d 530, 534 (1st Cir. 1995) ("The Act does not itself confer subject matter jurisdiction, but, rather, makes available an added anodyne for disputes that come within the federal courts' jurisdiction on some other basis."). Without an independent basis for subject matter jurisdiction here, Plaintiff's claims for declaratory judgments against Defendant Fiorillo do not confer jurisdiction.

Accordingly, Plaintiff's claims against Defendant Fiorillo are dismissed without prejudice for lack of subject matter jurisdiction.

## II.     Plaintiff's Claims against Shrewsbury

As to Defendant Shrewsbury, Plaintiff's claims are dismissed for failure to prosecute. Plaintiff made no mention of Shrewsbury in his <u>Response and Memorandum</u> [Doc. No. 47] and consequently has failed to show cause as to why the complaint should not be dismissed as to Defendant Shrewsbury as requested by the court. <u>See</u> Mem. & Order 5 [Doc. No. 45]. Accordingly, Plaintiff's claims against Shrewsbury are dismissed without prejudice for failure to prosecute.

## III.    Conclusion

For the foregoing reasons, Plaintiff's claims against Defendant Fiorillo are DISMISSED without prejudice for lack of subject matter jurisdiction and his claims against Defendant Shrewsbury are DISMISSED without prejudice for failure to prosecute.

IT IS SO ORDERED.

November 21, 2023                            /s/Indira Talwani
                                                   United States District Judge